**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNIE V. PARKER,

Defendant - Appellant.

No. 02-2069
(D.C. Nos. CIV-01-1360-JP/LCS
& CR-00-1273-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Pro se petitioner Johnnie V. Parker, a federal prisoner, seeks a certificate of appealability ("COA") from this court in order to appeal the district court's order denying the relief sought in his motion filed under 28 U.S.C. § 2255. We deny a COA and dismiss the appeal.

Parker pled guilty to armed bank robbery, possession of a short-barreled shotgun in furtherance of a crime of violence, and aiding and abetting. He was

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to 340 months' imprisonment with five years' supervised release and $10,300.00 restitution. Parker did not directly appeal his conviction or sentence.

Parker filed this motion in district court seeking relief under § 2255, alleging he received ineffective assistance of counsel because counsel failed to investigate his history of mental disorders or to present mitigating evidence regarding his mental illness at sentencing, as a result of which he was denied a downward departure. The district court denied relief, concluding that Parker had stipulated to the sentencing range, the court was aware of Parker's mental health history from the presentence report and its power to depart downward on this basis, and Parker was permitted allocution at sentencing. Parker seeks a COA to appeal the district court's decision.

We may issue a COA only if Parker "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We will grant relief if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of

-2-

the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Because Parker filed his application for a COA pro se, we construe his petition liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam).

Although the district court did not address Parker's ineffective assistance of counsel claim under the correct legal framework, we nevertheless conclude that Parker cannot make the requisite showing to warrant issuance of a COA. To prevail on an ineffective assistance of counsel claim, Parker must establish both that counsel's performance objectively fell below the standard of reasonableness and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

Parker contends counsel was deficient in failing to investigate and verify his mental illness history as presented in the presentence report. He cannot show, however, that even if counsel had presented verified evidence of Parker's mental illness at sentencing, the district court would have chosen to exercise its discretion to depart downwards. Cf. United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 19 95) (holding prejudice prong met when counsel's deficient performance caused defendant to improperly be classified as a career offender, as

a result of which he received "a significantly greater sentence"). Parker has not shown that there is a "reasonable probability" that the court would have imposed a shorter sentence had counsel performed as he now desires, particularly because information relating to his mental health history was in the presentence report, which was before the district court at the time of sentencing. Strickland, 466 U.S. at 694.

Hence, Parker has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate whether his § 2255 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotation omitted). Accordingly, we **DENY** a COA and **DISMISS** this appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-4-